Cynthia S. Betz
Mark M. Makhail
**MCCARTER & ENGLISH, LLP**
4 Gateway Center
Newark, NJ 07102
(973) 622-4444
cbetz@mccarter.com
mmakhail@mccarter.com

John D. Livingstone
M. David Weingarten, Ph.D.
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
271 17th St. NW
Suite 1400
Atlanta, GA 30306
(404) 653-6400
john.livingstone@finnegan.com
david.weingarten@finnegan.com

Matthew J. Hlinka
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
901 New York Ave., NW
Washington, DC 20001
(202) 408-4000
matthew.hlinka@finnegan.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS AG, <br><br> Plaintiffs, <br><br> v. <br><br> TARO PHARMACEUTICALS USA, INC. and TARO PHARMACEUTICAL INDUSTRIES LTD., <br><br> Defendants. | Civil Action No.: _____ |

## <u>COMPLAINT</u>

Novartis Pharmaceuticals Corporation ("NPC") and Novartis AG (collectively "Novartis"), by their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendants Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries Ltd. (collectively, "Taro" or "Defendants"). This action relates to Abbreviated New Drug Application ("ANDA") No. 220280 (the "Taro ANDA") filed by Defendants with the United States Food and Drug Administration ("FDA"), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of eltrombopag olamine tablets (EQ 12.5 mg, EQ 25 mg, EQ 50 mg, and EQ 75 mg), generic versions of Novartis's PROMACTA® (eltrombopag olamine) tablets (collectively, the "ANDA Product"), prior to the expiration of U.S. Patent No. 8,052,993 ("the '993 patent"), 8,052,994 ("the '994 patent"), 8,062,665 ("the '665 patent"), 8,071,129 ("the '129 patent"), and 8,828,430 ("the '430 patent") (collectively, "the Asserted Patents").

## PARTIES

### A.      Novartis

2.      Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 59 Route 10, East Hanover, New Jersey 07936.

3.      Novartis AG is a company organized and existing under the laws of Switzerland, having a principal place of business at Lichtstrasse 35, CH-4056, Basel, Switzerland.

**B.    Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries Ltd.**

4.      Upon information and belief, Defendant Taro Pharmaceutical Industries Ltd. is a corporation organized and existing under the laws of the State of Israel, having a principal place of business at 14 Hakitor Street, Haifa Bay 2624761, Israel.

5.      Upon information and belief, Defendant Taro Pharmaceuticals USA, Inc. is a corporation organized and existing under the laws of the State of New York, having places of business at 3 Skyline Dr., Hawthorne, NY 10532 and 1 Commerce Dr., Cranbury, NJ 08512.

6.      Upon information and belief, Defendant Taro Pharmaceuticals USA, Inc. is a subsidiary of Taro Pharmaceutical Industries Ltd. *See, e.g.*, *Currax Pharmaceuticals LLC v. Taro Pharmaceutical Industries Ltd.*, C.A. No. 1:24-cv-07446 (CPO)(EAP) (Oct. 10, 2024).

7.      Upon information and belief, Defendants are agents of each other with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic products within the United States. Upon information and belief, the acts of Defendants complained of herein were done with the cooperation, participation, and assistance of, and at least in part for the benefit of, each other.

8.      Upon information and belief, Taro is a generic pharmaceutical organization that works to develop, manufacture, market, and distribute generic pharmaceutical products for sale in the State of New Jersey and throughout the United States.

**DEFENDANTS' INFRINGING ACTS**

9.      In a letter dated May 27, 2025 (the "Taro Notice Letter"), Taro Pharmaceuticals USA, Inc. notified Novartis (i) that Taro Pharmaceuticals USA, Inc. submitted to the FDA ANDA No. 220280, seeking FDA approval to engage in the commercial manufacture, use, sale, offer for

3

sale, and/or importation of eltrombopag olamine tablets (EQ 12.5 mg, EQ 25 mg, EQ 50 mg, and EQ 75 mg) in or into the United States, including New Jersey, prior to the expiration of the Asserted Patents and (ii) that ANDA No. 220280 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) against the Asserted Patents.

10.    Defendants have committed an act of infringement in this judicial district by filing the Taro ANDA with the intent to make, use, sell, offer for sale, and/or import the ANDA Product in or into this judicial district prior to the expiration of the Asserted Patents.

11.    Upon information and belief, Taro Pharmaceutical Industries Ltd. acted in concert with and/or directed Taro Pharmaceuticals USA, Inc. in the preparation and submission of the Taro ANDA and, if the Taro ANDA is approved, will act in concert with and direct Taro Pharmaceuticals USA, Inc. to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the ANDA Product in or into the United States, including New Jersey, prior to the expiration of the Asserted Patents.

12.    Upon information and belief, Taro Pharmaceuticals USA, Inc. has systematic and continuous contacts with New Jersey; has established distribution channels for drug products in New Jersey; regularly and continuously conducts business in New Jersey, including by selling drug products in New Jersey, either directly or indirectly through its subsidiaries, agents, or affiliates, including Taro Pharmaceutical Industries Ltd.; has purposefully availed itself of the privilege of doing business in New Jersey; and derives substantial revenue from the sale of drug products in New Jersey.

13.    Upon information and belief, Taro Pharmaceutical Industries Ltd. has systematic and continuous contacts with New Jersey; has established distribution channels for drug products

4

in New Jersey; regularly and continuously conducts business in New Jersey, including by selling drug products in New Jersey, either directly or indirectly through its subsidiaries, agents, or affiliates, including Taro Pharmaceuticals USA, Inc.; has purposefully availed itself of the privilege of doing business in New Jersey; and derives substantial revenue from the sale of drug products in New Jersey.

14.    Taro Pharmaceuticals USA, Inc. has availed itself of the legal protections of the State of New Jersey by, among other things, admitting jurisdiction and asserting counterclaims in lawsuits filed in the United States District Court for the District of New Jersey. *See, e.g.*, *Currax Pharmaceuticals LLC v. Taro Pharmaceutical Industries Ltd.*, C.A. No. 1:24-cv-07446 (CPO)(EAP) (Oct. 10, 2024); *Galderma Laboratories, L.P. v. Taro Pharmaceuticals Inc.*, C.A. No. 3:24-cv-333-MAS-TJB (Mar. 27, 2024); *Bausch Health Ireland Limited v. Taro Pharmaceuticals Inc.*, C.A. No. 2:25-cv-2000-MCA-CLW (Jul. 7, 2025).

15.    Taro Pharmaceutical Industries Ltd. has availed itself of the legal protections of the State of New Jersey by, among other things, admitting jurisdiction and asserting counterclaims in the United States District Court for the District of New Jersey. *See, e.g.*, *Currax Pharmaceuticals LLC v. Taro Pharmaceutical Industries Ltd.*, C.A. No. 1:24-cv-07446 (CPO)(EAP) (Oct. 10, 2024); *Galderma Laboratories, L.P. v. Taro Pharmaceuticals Inc.*, C.A. No. 3:24-cv-333-MAS-TJB (Mar. 27, 2024); *Bausch Health Ireland Limited v. Taro Pharmaceuticals Inc.*, C.A. No. 2:23-cv-02684 (SRC)(CLW) (Oct. 4, 2023).

16.    Taro Pharmaceuticals USA, Inc., the entity identified in the Taro Notice Letter as having submitted ANDA No. 220280, has agreed not to challenge personal jurisdiction and venue in the District of New Jersey for actions concerning ANDA No. 220280.

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

18.    This Court has personal jurisdiction over Taro Pharmaceutical Industries Ltd. under Federal Rule of Civil Procedure 4(k)(2) because, upon information and belief, Taro Pharmaceutical Industries Ltd. is organized under the laws of the State of Israel and the exercise of personal jurisdiction over Taro Pharmaceutical Industries Ltd. in any judicial district is consistent with the United States Constitution and laws.

19.    This Court also has personal jurisdiction over Taro Pharmaceutical Industries Ltd. and Taro Pharmaceuticals USA, Inc. because, upon information and belief, Defendants have committed or aided, abetted, contributed to, or participated in the commission of tortious acts of patent infringement in preparing and submitting the Taro ANDA with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

20.    Upon information and belief, the effort to seek approval for the Taro ANDA and to manufacture, import, market, and/or sell Defendants' ANDA Product upon approval has been a cooperative and joint enterprise and venture between Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries Ltd.

21.    This Court also has personal jurisdiction over Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries Ltd. because, upon information and belief, Defendants will, upon approval of the Taro ANDA, market, distribute, offer for sale, and/or sell Defendants' ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of the ANDA Product in the State of New Jersey.

22.     This Court also has personal jurisdiction over Taro Pharmaceutical USA, Inc. and Taro Pharmaceutical Industries Ltd. because, upon information and belief, Defendants' ANDA Product, upon approval of the Taro ANDA, will be marketed, distributed, offered for sale, and/or sold in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which will have a substantial effect on New Jersey.

23.     This Court also has personal jurisdiction over Taro Pharmaceutical USA, Inc. and Taro Pharmaceutical Industries Ltd. because, upon information and belief, Defendants' affiliations with the State of New Jersey, including Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries Ltd. availing themselves of the legal protections of the State of New Jersey, and Taro Pharmaceuticals USA, Inc.'s actions in concert with Taro Pharmaceutical Industries Ltd. are sufficiently continuous and systematic as to render Defendants at home in this forum.

24.     Upon information and belief, Taro Pharmaceutical USA, Inc. and Taro Pharmaceutical Industries Ltd. operate as an integrated business with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products, including the ANDA Product, throughout the United States including in this judicial district.

25.     Upon information and belief, Taro Pharmaceutical USA, Inc. has purposefully conducted and continues to conduct business in New Jersey. Taro Pharmaceutical USA, Inc. operates and maintains a regular and established place of business located at 1 Commerce Drive, Cranbury, New Jersey 08512, where Taro Pharmaceutical USA, Inc. will commercially distribute, market, offer for sale and/or sell Taro's ANDA Product. Furthermore, Taro Pharmaceutical USA, Inc. (i) has officers and directors located at 2 Independence Way, Princeton, New Jersey 08540;

(ii) is registered to do business in New Jersey as a foreign corporation with a Business ID Number of 0100917783; (iii) has a registered agent (Corporation Service Company) located in New Jersey at Princeton South Corporate Center, 100 Charles Ewing Blvd, Suite 160, Ewing, New Jersey 08628; and (iv) is registered with the State of New Jersey's Department of Health as a wholesaler under Registration Number 5003062.

26.     For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries Ltd.

27.     Venue is proper in this Court because Taro Pharmaceutical Industries Ltd. is a foreign entity who may be sued in any judicial district, including New Jersey. 28 U.S.C. §§ 1391(c)(3), 1400(b). Defendants have also previously admitted that venue is proper in New Jersey for at least the cases listed above and have admitted that venue is proper in New Jersey for purposes of the counterclaims filed in those cases.

28.     Taro Pharmaceuticals USA, Inc., the entity identified in the Taro Notice Letter as having submitted ANDA No. 220280, has agreed not to challenge personal jurisdiction and venue in the District of New Jersey for actions concerning ANDA No. 220280

## THE PATENTS-IN-SUIT AND PROMACTA®

29.     Novartis AG is the owner of the '993 patent, titled "3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihyrdo-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine)." The '993 patent was duly and legally issued on November 8, 2011. A true and correct copy of the '993 patent is attached hereto as Exhibit A. The '993 patent expires on August 1, 2017, excluding any pediatric exclusivity.

8

30.    Novartis AG is the owner of the '994 patent, titled "3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine)." The '994 patent was duly and legally issued on November 8, 2011. A true and correct copy of the '994 patent is attached hereto as Exhibit B. The '994 patent expires on August 1, 2017, excluding any pediatric exclusivity.

31.    Novartis AG is the owner of the '665 patent, titled "3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine)." The '665 patent was duly and legally issued on November 22, 2011. A true and correct copy of the '665 patent is attached hereto as Exhibit C. The '665 patent expires on August 1, 2017, excluding any pediatric exclusivity.

32.    Novartis AG is the owner of the '129 patent, titled "3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine)." The '129 patent was duly and legally issued on December 6, 2011. A true and correct copy of the '129 patent is attached hereto as Exhibit D. The '129 patent expires on August 1, 2017, excluding any pediatric exclusivity.

33.    Novartis AG is the owner of the '430 patent, titled "3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine)." The '430 patent was duly and legally issued on September 9, 2014. A true and correct copy of the '430 patent is attached hereto as Exhibit E. The '430 patent expires on August 1, 2027, excluding any pediatric exclusivity.

34.    Novartis is the holder of New Drug Application ("NDA") No. 022291 by which the FDA granted approval for the commercial manufacturing, marketing, sale, and use of

PROMACTA® (eltrombopag olamine) tablets. PROMACTA® is currently indicated (i) for the treatment of thrombocytopenia in adult and pediatric patients 1 year and older with persistent or chronic immune thrombocytopenia (ITP) who have had an insufficient response to corticosteroids, immunoglobulins, or splenectomy, (ii) for the treatment of thrombocytopenia in patients with chronic hepatitis C to allow the initiation and maintenance of interferon-based therapy, (iii) in combination with standard immunosuppressive therapy for the first-line treatment of adult and pediatric patients 2 years and older with severe aplastic anemia, and (iv) for the treatment of patients with severe aplastic anemia who have had an insufficient response to immunosuppressive therapy.

35.    One or more claims of each of the Asserted Patents cover PROMACTA®.

36.    The FDA's official publication of approved drugs (the "Orange Book") lists the Asserted Patents in connection with PROMACTA®.

## INFRINGEMENT OF THE ASSERTED PATENTS

### FIRST COUNT FOR PATENT INFRINGEMENT ('993 PATENT)

37.    Novartis realleges, and incorporates in full herein, each preceding paragraph.

38.    Novartis received the Taro Notice Letter dated May 27, 2025, purporting to include a Notice of Certification for ANDA No. 220280 under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 as to the '993 patent.

39.    The '993 patent claims, *inter alia*, a pharmaceutical tablet consisting of 3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine) ("eltrombopag olamine").

40.    Claim 1 recites: A pharmaceutical tablet consisting essentially of:

(a)      about 31.9 mg of the compound 3'-[(2Z)-1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine);

wherein,

(b)      about 90% of the compound particles have a particle size of greater than 10 micron but less than 90 micron;

(c)      the tablet is produced on a scale suitable to prepare at least about 50,000 tablets;

(d)      the tablet contains from about 25% to about 89% by weight of one or more excipients selected from the group consisting of microcrystalline cellulose, powdered cellulose, pregelatinized starch, starch, lactitol, mannitol, sorbitol and maltodextrin;

(e)      the tablet is film coated;

(f)      the tablet contains a disintegrant in an amount from 4% to about 12% by weight;

(g)      the tablet optionally contains a binder in an amount up to about 8% by weight; and

(h)      the tablet optionally contains a lubricant in an amount up to about 2% by weight.

41.    At least one claim, including claim 1, of the '993 patent covers FDA-approved PROMACTA®.

42.     Upon information and belief, Defendants submitted ANDA No. 220280 to the FDA, under Section 505(j) of the Act, and 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of generic eltrombopag olamine tablets, EQ 12.5 mg, EQ 25 mg, EQ 50 mg, and EQ 75 mg eltrombopag olamine in or into the United States, including New Jersey.

43.     Upon information and belief, Defendants' proposed generic eltrombopag olamine tablets that are the subject of ANDA No. 220280 contain eltrombopag olamine, the core and coating materials, the excipients, and compound particles according to claim 1 of the '993 patent. Defendants' generic eltrombopag olamine tablets will therefore directly infringe at least claim 1 of the '993 patent.

44.     Upon information and belief, Defendants' generic eltrombopag olamine tablets, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '993 patent under 35 U.S.C. § 271(a).

45.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim, including claim 1, of the '993 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220280 seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic eltrombopag olamine tablets before the expiration date of the '993 patent. Upon information and belief, the eltrombopag olamine tablets described in ANDA No. 220280 would infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '993 patent under 35 U.S.C. § 271(e)(2)(A).

46.     Upon information and belief, Defendants had actual knowledge of the '993 patent prior to the submission of ANDA No. 220280 to the FDA.

47.    Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 220280 complained of herein were done by and for the benefit of Defendants.

48.    If Defendants' marketing and sale of generic eltrombopag olamine tablets prior to the expiration of the '993 patent and all other relevant activities are not enjoined, Novartis will suffer substantial and irreparable harm for which there is no adequate remedy at law.

49.    This action was commenced within 45 days of Novartis's receipt of the Taro Notice Letter.

**SECOND COUNT FOR PATENT INFRINGEMENT ('994 PATENT)**

50.    Novartis realleges, and incorporates in full herein, each preceding paragraph.

51.    Novartis received the Taro Notice Letter dated May 27, 2025, purporting to include a Notice of Certification for ANDA No. 220280 under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 as to the '994 patent.

52.    The '994 patent claims, *inter alia*, a pharmaceutical tablet consisting of eltrombopag olamine.

53.    Claim 1 recites: A pharmaceutical tablet consisting essentially of:

(a)    about 63.8 mg of the compound 3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine);

wherein,

(b)    about 90% of the compound particles have a particle size of greater than 10 micron but less than 90 micron;

(c)      the tablet is produced on a scale suitable to prepare at least about 50,000 tablets;

(d)      the tablet contains from about 25% to about 89% by weight of one or more excipients selected from the group consisting of microcrystalline cellulose, powdered cellulose, pregelatinized starch, starch, lactitol, mannitol, sorbitol and maltodextrin;

(e)      the tablet is film coated;

(f)      the tablet contains a disintegrant in an amount from 4% to about 12% by weight;

(g)      the tablet optionally contains a binder in an amount up to about 8% by weight; and

(h)      the tablet optionally contains a lubricant in an amount up to about 2% by weight.

54.      At least one claim, including claim 1, of the '994 patent covers FDA-approved PROMACTA®.

55.      Upon information and belief, Defendants submitted ANDA No. 220280 to the FDA, under Section 505(j) of the Act, and 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of generic eltrombopag olamine tablets, EQ 12.5 mg, EQ 25 mg, EQ 50 mg, and EQ 75 mg eltrombopag olamine in or into the United States, including New Jersey.

56.      Upon information and belief, Defendants' proposed generic eltrombopag olamine tablets that are the subject of ANDA No. 220280 contain eltrombopag olamine, the core and

14

coating materials, the excipients, and compound particles according to claim 1 of the '994 patent. Defendants' generic eltrombopag olamine tablets will therefore directly infringe at least claim 1 of the '994 patent.

57.    Upon information and belief, Defendants' generic eltrombopag olamine tablets, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '994 patent under 35 U.S.C. § 271(a).

58.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim, including claim 1, of the '994 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220280 seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic eltrombopag olamine tablets before the expiration date of the '994 patent. Upon information and belief, the eltrombopag olamine tablets described in ANDA No. 220280 would infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '994 patent under 35 U.S.C. § 271(e)(2)(A).

59.    Upon information and belief, Defendants had actual knowledge of the '994 patent prior to the submission of ANDA No. 220280 to the FDA.

60.    Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 220280 complained of herein were done by and for the benefit of Defendants.

61.    If Defendants' marketing and sale of generic eltrombopag olamine tablets prior to the expiration of the '994 patent and all other relevant activities are not enjoined, Novartis will suffer substantial and irreparable harm for which there is no adequate remedy at law.

62.    This action was commenced within 45 days of Novartis's receipt of the Taro Notice Letter.

## THIRD COUNT FOR PATENT INFRINGEMENT ('665 PATENT)

63.     Novartis realleges, and incorporates in full herein, each preceding paragraph.

64.     Novartis received the Taro Notice Letter dated May 27, 2025, purporting to include a Notice of Certification for ANDA No. 220280 under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 as to the '665 patent.

65.     The '665 patent claims, *inter alia*, a pharmaceutical tablet consisting of eltrombopag olamine.

66.     Claim 1 recites: A pharmaceutical tablet consisting essentially of:

(a)     about 95.7 mg of the compound 3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine);

wherein,

(b)     about 90% of the compound particles have a particle size of greater than 10 micron but less than 90 micron;

(c)     the tablet is produced on a scale suitable to prepare at least about 50,000 tablets;

(d)     the tablet contains from about 25% to about 89% by weight of one or more excipients selected from the group consisting of microcrystalline cellulose, powdered cellulose, pregelatinized starch, starch, lactitol, mannitol, sorbitol and maltodextrin;

(e)     the tablet is film coated;

16

(f)      the tablet contains a disintegrant in an amount from 4% to about 12% by weight;

(g)      the tablet optionally contains a binder in an amount up to about 8% by weight; and

(h)      the tablet optionally contains a lubricant in an amount up to about 2% by weight.

67.      At least one claim, including claim 1, of the '665 patent covers FDA-approved PROMACTA®.

68.      Upon information and belief, Defendants submitted ANDA No. 220280 to the FDA, under Section 505(j) of the Act, and 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of generic eltrombopag olamine tablets, EQ 12.5 mg, EQ 25 mg, EQ 50 mg, and EQ 75 mg eltrombopag olamine in or into the United States, including New Jersey.

69.      Upon information and belief, Defendants' proposed generic eltrombopag olamine tablets that are the subject of ANDA No. 220280 contain eltrombopag olamine, the core and coating materials, the excipients, and compound particles according to claim 1 of the '665 patent. Defendants' generic eltrombopag olamine tablets will therefore directly infringe at least claim 1 of the '665 patent.

70.      Upon information and belief, Defendants' generic eltrombopag olamine tablets, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '665 patent under 35 U.S.C. § 271(a).

71.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim, including claim 1, of the '665 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220280 seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic eltrombopag olamine tablets before the expiration date of the '665 patent. Upon information and belief, the eltrombopag olamine tablets described in ANDA No. 220280 would infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '665 patent under 35 U.S.C. § 271(e)(2)(A).

72.    Upon information and belief, Defendants had actual knowledge of the '665 patent prior to the submission of ANDA No. 220280 to the FDA.

73.    Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 220280 complained of herein were done by and for the benefit of Defendants.

74.    If Defendants' marketing and sale of generic eltrombopag olamine tablets prior to the expiration of the '665 patent and all other relevant activities are not enjoined, Novartis will suffer substantial and irreparable harm for which there is no adequate remedy at law.

75.    This action was commenced within 45 days of Novartis's receipt of the Taro Notice Letter.

**FOURTH COUNT FOR PATENT INFRINGEMENT ('129 PATENT)**

76.    Novartis realleges, and incorporates in full herein, each preceding paragraph.

77.    Novartis received the Taro Notice Letter dated May 27, 2025, purporting to include a Notice of Certification for ANDA No. 220280 under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 as to the '129 patent.

78.     The '129 patent claims, *inter alia*, a pharmaceutical tablet consisting of eltrombopag olamine.

79.     Claim 1 recites: A pharmaceutical tablet consisting essentially of:

(a)     about 15.95 mg of the compound 3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine);

wherein,

(b)     about 90% of the compound particles have a particle size of greater than 10 micron but less than 90 micron;

(c)     the tablet is produced on a scale suitable to prepare at least about 50,000 tablets;

(d)     the tablet contains from about 25% to about 89% by weight of one or more excipients selected from the group consisting of microcrystalline cellulose, powdered cellulose, pregelatinized starch, starch, lactitol, mannitol, sorbitol and maltodextrin;

(e)     the tablet is film coated;

(f)     the tablet contains a disintegrant in an amount from 4% to about 12% by weight;

(g)     the tablet optionally contains a binder in an amount up to about 8% by weight; and

(h)     the tablet optionally contains a lubricant in an amount up to about 2% by weight.

80.    At least one claim, including claim 1, of the '129 patent covers FDA-approved PROMACTA®.

81.    Upon information and belief, Defendants submitted ANDA No. 220280 to the FDA, under Section 505(j) of the Act, and 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of generic eltrombopag olamine tablets, EQ 12.5 mg, EQ 25 mg, EQ 50 mg, and EQ 75 mg eltrombopag olamine in or into the United States, including New Jersey.

82.    Upon information and belief, Defendants' proposed generic eltrombopag olamine tablets that are the subject of ANDA No. 220280 contain eltrombopag olamine, the core and coating materials, the excipients, and compound particles according to claim 1 of the '129 patent. Defendants' generic eltrombopag olamine tablets will therefore directly infringe at least claim 1 of the '129 patent.

83.    Upon information and belief, Defendants' generic eltrombopag olamine tablets, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '129 patent under 35 U.S.C. § 271(a).

84.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim, including claim 1, of the '129 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220280 seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic eltrombopag olamine tablets before the expiration date of the '129 patent. Upon information and belief, the eltrombopag olamine tablets described in ANDA No. 220280 would infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '129 patent under 35 U.S.C. § 271(e)(2)(A).

85.     Upon information and belief, Defendants had actual knowledge of the '129 patent prior to the submission of ANDA No. 220280 to the FDA.

86.     Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 220280 complained of herein were done by and for the benefit of Defendants.

87.     If Defendants' marketing and sale of generic eltrombopag olamine tablets prior to the expiration of the '129 patent and all other relevant activities are not enjoined, Novartis will suffer substantial and irreparable harm for which there is no adequate remedy at law.

88.     This action was commenced within 45 days of Novartis's receipt of the Taro Notice Letter.

### FIFTH COUNT FOR PATENT INFRINGEMENT ('430 PATENT)

89.     Novartis realleges, and incorporates in full herein, each preceding paragraph.

90.     Novartis received the Taro Notice Letter dated May 27, 2025, purporting to include a Notice of Certification for ANDA No. 220280 under 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 as to the '430 patent.

91.     The '430 patent claims, *inter alia*, a pharmaceutical tablet consisting of 3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic acid bis-(monoethanolamine) ("eltrombopag olamine").

92.     Claim 1 recites: A pharmaceutical tablet consisting essentially of:

(a)      3'-[(2Z)-[1-(3,4-dimethylphenyl)-1,5-dihydro-3-methyl-5-oxo-4H-pyrazol-4-ylidene]hydrazino]-2'-hydroxy-[1,1'-biphenyl]-3-carboxylic   acid   bis-(monoethanolamine);

wherein,

(b)    about 90% of the compound particles have a particle size of greater than 10 micron but less than 90 micron;

(c)    the tablet contains from about 25% to about 89% by weight of one or more excipients selected from the group consisting of microcrystalline cellulose, powdered cellulose, pregelatinized starch, starch, lactitol, mannitol, sorbitol and maltodextrin;

(d)    the tablet is film coated;

(e)    the tablet contains a disintegrant in an amount equal to or greater than 4% by weight;

(f)    the tablet optionally contains a binder in an amount up to about 8% by weight; and

(g)    the tablet optionally contains a lubricant in an amount up to about 2% by weight.

93.    At least one claim, including claim 1, of the '430 patent covers FDA-approved PROMACTA®.

94.    Upon information and belief, Defendants submitted ANDA No. 220280 to the FDA, under Section 505(j) of the Act, and 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of generic eltrombopag olamine tablets, EQ 12.5 mg, EQ 25 mg, EQ 50 mg, and EQ 75 mg eltrombopag olamine in or into the United States, including New Jersey.

95.    Upon information and belief, Defendants' proposed generic eltrombopag olamine tablets that are the subject of ANDA No. 220280 contain eltrombopag olamine, the core and

coating materials, the excipients, and compound particles according to claim 1 of the '430 patent. Defendants' generic eltrombopag olamine tablets will therefore directly infringe at least claim 1 of the '430 patent.

96.    Upon information and belief, Defendants' generic eltrombopag olamine tablets, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '430 patent under 35 U.S.C. § 271(a).

97.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim, including claim 1, of the '430 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220280 seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic eltrombopag olamine tablets before the expiration date of the '430 patent. Upon information and belief, the eltrombopag olamine tablets described in ANDA No. 220280 would infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '430 patent under 35 U.S.C. § 271(e)(2)(A).

98.    Upon information and belief, Defendants had actual knowledge of the '430 patent prior to the submission of ANDA No. 220280 to the FDA.

99.    Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 220280 complained of herein were done by and for the benefit of Defendants.

100.    If Defendants' marketing and sale of generic eltrombopag olamine tablets prior to the expiration of the '430 patent and all other relevant activities are not enjoined, Novartis will suffer substantial and irreparable harm for which there is no adequate remedy at law.

101.    This action was commenced within 45 days of Novartis's receipt of the Taro Notice Letter.

### PRAYER FOR RELIEF

**WHEREFORE**, Novartis prays that this Court grant the following relief:

102.    Judgment that Defendants Taro Pharmaceuticals USA, Inc. and Taro Pharmaceutical Industries Ltd. have infringed one or more claims of each of the Asserted Patents by filing ANDA No. 220280;

103.    A permanent injunction restraining and enjoining Defendants, and their affiliates, subsidiaries, and each of their officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of the ANDA Product until the expiration of the Asserted Patents, inclusive of any extensions and additional periods of exclusivity;

104.    An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 220280 shall be a date that is not earlier than the expiration of the Asserted Patents, inclusive of any extensions and additional periods of exclusivity;

105.    Declaratory judgment that the commercial manufacture, use, sale, offer for sale, and/or importation of the ANDA Product will directly infringe, induce infringement of, and/or contributorily infringe one or more claims of each of the Asserted Patents;

106.    Damages or other monetary relief from Defendants for the infringement, inducement of infringement, and/or contributory infringement of the Asserted Patents if one or both of the Defendants engage in the commercial manufacture, use, sale, or offer for sale in the United States, or importation into the United States, of the ANDA Product prior to the expiration date of the Asserted Patents, inclusive of any extensions and additional periods of exclusivity;

107.    A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and an award of attorney's fees;

108.    Novartis's costs and expenses in this action; and

109.    Such other and further relief as the Court may deem just and proper.


Dated:  July 11, 2025

OF COUNSEL:

John D. Livingstone
M. David Weingarten, Ph.D.
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
271 17th St. NW
Suite 1400
Atlanta, GA 30306
(404) 653-6400
john.livingstone@finnegan.com
david.weingarten@finnegan.com

Matthew J. Hlinka
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
901 New York Ave., NW
Washington, DC 20001
(202) 408-4000
matthew.hlinka@finnegan.com

**MCCARTER & ENGLISH, LLP**

*/s/ Mark M. Makhail*
Mark M. Makhail
Cynthia S. Betz
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
T: (973) 622-4444
mmakhail@mccarter.com
cbetz@mccarter.com
*Attorneys for Plaintiffs*
*Novartis Pharmaceuticals Corporation and*
*Novartis AG*

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except as provided below.

United States Patent No. 8,828,430 ("the '430 patent") was the subject of now-closed proceedings before the United States District Court for the District of Delaware in the matter *NOVARTIS PHARMACEUTICALS CORPORATION et al. v. ZENARA PHARMA PRIVATE LIMITED, et al.*, 25-644 (GBW) (D. Del.).  The Defendants in this matter were not involved in those cases.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 10, 2025

                                        */s/ Mark M. Makhail*
                                        Mark M. Makhail